**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 2302011589 |
| | ) | |
| ROBERT ALLEY, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:  February 19, 2024
Date Decided:  March 18, 2024

**ORDER**

Upon consideration of Defendant Robert Alley's ("Alley") Motion for Modification of Partial Confinement or Probation ("Motion"),[1] Superior Court Criminal Rule 35(b),[2] statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1)    On December 20, 2023, Alley pled guilty to one count Act of Intimidation and two counts of Non-Compliance with Bond Conditions.[3]  That same day, Alley was sentenced as follows: for Act of Intimidation, 8 years at Level V with credit time for 312 days previously served, suspended for 18 months at supervision Level 5, for 18 months at Level III; for Non-Compliance with Bond Conditions, 5

---

[1] D.I. 63.
[2] Super. Ct. Crim. R. 35(b).
[3] D.I. 59.

years at Level V, suspended for 8 months at Level III; and for Non-Compliance with Bond Conditions, five years at Level V, suspended for 18 months at Level III.[4]

(2)    On January 24, 2024, Alley filed the instant Motion asking the Court to modify his Level III probation to Level II and transfer his probation to the state of Florida, suspend the requirement that he be evaluated by TASC, and suspend the condition requiring him to complete the DVCC certified Domestic Violence Course.[5]

(3)    On February 9, 2024, the State filed a response opposing the modification, stating that Alley's sentence is correct per the guilty plea he agreed to, and listing several aggravating factors such as his repetitive criminal history, 30 prior probation violations, lack of amenability, five pending trials in the Court of Common Pleas against the same victim, and prior abuse of the victim.[6]  Further, the State argues that even when incarcerated the Defendant attempted to contact the victim to attempt to get his charges dismissed.[7]

(4)    Rule 35(b) governs motions for modification or reduction of sentence.[8] "A motion for modification of partial confinement or probation is not subject to the ninety-day limitation applicable to a motion for reduction of imprisonment."[9]

---

[4] D.I. 61.
[5] D.I. 63.
[6] D.I. 65.
[7] *Id.*
[8] Super. Ct. Crim. R. 35(b).
[9] *State v. Baily*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017); *State v. Redden*, 111 A.3d 602, 609 (Del. Super. 2015).

Pursuant to 11 *Del. C.* § 4333, any probation or suspension of sentence may be terminated at the Court's discretion.[10]

(5) The Court's authority to grant relief under Rule 35(b) is discretionary.[11] Rule 35(b) does not provide specific considerations the Court must consider, rather "the Court exercises broad discretion in determining whether a situation or set of individual factors can be viewed."[12]

(6) In support of his Motion, Alley argues that his sentence is beyond the SENTAC guidelines, he pled no contest out of fear and pressure by the Attorney General's office, he has no previous domestic violence charges or drug-related convictions, and that he is a Florida resident and does not plan to reside in Delaware.[13]

(7) The Level III probation was imposed by the Court following Alley's guilty plea. This case resolved six domestic-related charges against the same victim including Stalking, Aggravated Menacing, Assault Third Degree, Terroristic Threatening, Offensive Touching, Harassment, Act of Intimidation, and Non-Compliance charges.[14] At sentencing, the Court also took into account Alley's extensive criminal history including 9 prior non-violent felonies and 13 prior

---

[10] *Id.*
[11] *Id.*
[12] *State v. Redden*, 111 A.3d 602, 609 (2015).
[13] D.I. 64.
[14] D.I. 65.

misdemeanor convictions, and in the instant case that he was arrested on six separate occasions for domestic violence related charges in a five-month period.[15]

(8) Under Rule 11(d),

> [t]he court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determine that the plea is voluntarily and not the result of force or threats or promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney general and the defendant or the defendant's attorney.[16]

A defendant's statements are presumed truthful during a guilty plea colloquy.[17]

(9) During Alley's sentencing he was questioned as to whether he understood his plea and reviewed the Truth-In-Sentencing Guilty Plea Form provided to him by counsel.[18] On Alley's Truth-In-Sentencing Guilty Plea Form, in addressing the question, "Have you freely and voluntarily decided to plead guilty to the charges listen in your written plea agreement," Alley checked "Yes."[19] He also answered the question, "Has your lawyer, the State, or anyone threatened or forced you to enter into the plea?" by checking, "No."[20] Because the Court takes Alley's representations to the Court during a guilty plea sentencing as truthful, the Court

---

[15] *Id.*
[16] Super. Ct. Crim. R. 11(d).
[17] *Somerville v. State*, 703 A.2d 629, 632 (Super. Ct. 1997).
[18] D.I. 61.
[19] *Id.*
[20] *Id.*

finds insufficient evidence to demonstrate Alley was "forced" or "threatened" into taking the guilty plea.

(10)  No information has been provided to the Court that would warrant modification. Therefore, the sentence is appropriate for all the reasons stated at sentencing.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Robert Alley's Modification of Partial Confinement or Probation is **DENIED**.


_____/s/ Jan R. Jurden_____
Jan R. Jurden,  President Judge

cc:    Original to Prothonotary
       Brianna Mills, DAG
       Robert Alley, Defendant